IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01539-BNB

RICHARD S. JONES,

Applicant,

v.

RON LUCERO (Arrowhead Correctional Center),

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 11 2008

GREGORY C. LANGHAM
                                CLERK

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Richard S. Jones, initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Applicant was incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado, when he initiated this action. On July 29, 2008, Mr. Jones filed an amended first page of the court's habeas corpus application form that may indicate he has been transferred into the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center in Cañon City, Colorado. Mr. Jones also has filed a motion seeking leave to proceed *in forma pauperis* in this action. That motion will be granted.

The court must construe the application liberally because Mr. Jones is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Jones will be ordered to file an amended application.

The court has reviewed the habeas corpus application and finds that the application is deficient. Mr. Jones asserts three claims for relief. In his first claim he appears to challenge the computation of his prison sentence. This claim properly should be asserted pursuant to 28 U.S.C. § 2241 rather than § 2254 because Mr. Jones is challenging the execution of his sentence rather than the validity of his convictions or sentence. However, the larger problem with the first claim Mr. Jones asserts is that he fails to allege specific facts in support of that claim. Instead, Mr. Jones merely references a time computation sheet that he believes supports his claim without explaining how and why the time computation sheet supports his claim. In his second claim for relief, which also appears to relate to the computation of his sentence, Mr. Jones seeks an award of damages even though monetary damages are not appropriate relief in a habeas corpus action. Finally, Mr. Jones asserts a third claim for relief that also lacks specific supporting facts to demonstrate that his federal constitutional rights have been violated.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Jones go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Jones will be ordered to file an amended application in which he identifies clearly the federal constitutional claims he is asserting and in which he provides specific facts in support of each claim being raised. The court will provide Mr. Jones with the appropriate form for
2

filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because it appears that all of the claims Mr. Jones is raising relate to the execution of his sentence. Accordingly, it is

ORDERED that the motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 filed on July 15, 2008, is granted. It is

FURTHER ORDERED that Mr. Jones file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Jones, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Jones fails within the time allowed to file an amended application that complies with this order as directed, the application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the clerk of the court mail a copy of this order to Mr. Jones at the Arapahoe County Detention Facility in Centennial, Colorado, and at the Arrowhead Correctional Center in Cañon City, Colorado.

DATED at Denver, Colorado, this 11th day of August, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01539-BNB

Richard S. Jones
Prisoner No. 08-6215
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

Richard S. Jones
Prisoner No. 47391
Arrowhead Corr. Center
PO Box 300
Cañon City, CO 81215- 0300

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form** to the above-named individuals on 8/11/08

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk