IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01539-BNB

RICHARD S. JONES,

    Applicant,

v.

THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 5 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant Richard S. Jones is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Jones initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the computation of his state sentence. On August 11, 2008, Magistrate Judge Craig B. Shaffer ordered Mr. Jones to file an amended habeas corpus application and to use the Court's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form because he is challenging the execution, and not the validity, of his state sentence. On September 5, 2008, Mr. Jones filed an amended habeas corpus application pursuant to § 2241. On September 10, 2008, Mr. Jones filed an amendment to the amended application asserting a third claim for relief. On September 16, 2008, Mr. Jones filed another amendment adding a fourth claim for relief.

In an order filed on September 11, 2008, Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative

defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in this action. On September 26, 2008, Respondent filed a Preliminary Response. Mr. Jones was given an opportunity to file a reply to the Preliminary Response but he has not done so.

The Court must construe the amended habeas corpus application and other papers filed by Mr. Jones liberally because he is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state court remedies.

As noted above, Mr. Jones is challenging the computation of his state sentence. He was convicted in two separate cases in 1991 and is serving a cumulative sentence of eighteen years in prison. Mr. Jones alleges that he has been released on parole two times and that his parole later was revoked on both occasions. Mr. Jones claims in this action that he should be released from custody because he has completed his prison sentence. Mr. Jones specifically argues that the time he has served in prison, together with the time spent on parole and other credits he has earned, exceeds eighteen years. On April 19, 2007, Mr. Jones filed in state court a habeas corpus petition arguing that he was entitled to immediate release because he had completed his state court sentence. On June 4, 2007, the state court denied the habeas corpus petition based on its finding that Mr. Jones was not entitled to credit against his sentence for the time

spent on parole. Mr. Jones does not allege that he filed an appeal from the denial of the state habeas corpus petition.

Respondent argues in the Preliminary Response both that this action is untimely and that Mr. Jones has failed to exhaust state remedies. The Court first will address Respondent's argument that this action is not timely.

Respondent argues that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). This one-year limitation period applies to habeas corpus actions pursuant to § 2241 filed by state prisoners challenging the execution of their sentences. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondent contends that this action is time-barred because Mr. Jones did not file this action within one year after July 19, 2007. Respondent maintains that the one-year limitation period began to run on July 19, 2007, because that is when the time for Mr. Jones to file an appeal from the denial of his state habeas corpus petition expired. However, Respondent erroneously asserts that this action was not filed until September 5, 2008, which is when Mr. Jones filed his amended application for a writ of habeas corpus. Mr. Jones' original habeas corpus application was received by the Court for filing on July 15, 2008. Therefore, because this action was commenced within one year after the date on which Respondent maintains the one-year limitation period began to run, the Court finds that Respondent's time-bar argument lacks merit.

The Court next will address Respondent's exhaustion argument. Mr. Jones must exhaust state court remedies before he may pursue his claims in a habeas corpus action pursuant to § 2241 in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

"The exhaustion requirement is not one to be overlooked lightly." ***Hernandez v. Starbuck***, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See **Miranda v. Cooper***, 967 F.2d 392, 398 (10th Cir. 1992).

As noted above, Mr. Jones filed a habeas corpus petition in state court challenging the computation of his sentence but he did not appeal to the Colorado Supreme Court from the order denying the habeas corpus petition. Pursuant to § 13-4-102(1)(e) of the Colorado Revised Statutes, the Colorado Supreme Court has jurisdiction to review a district court's judgment denying a petition for writ of habeas corpus. Because Mr. Jones did not pursue his claims on appeal to the Colorado Supreme Court, those claims are not exhausted. Therefore, the Court will dismiss the instant action without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application, as amended, is denied and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 4 day of Nov. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01539-BNB

Richard S. Jones
Prisoner No. 08-6215
Arapahoe County Det. Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/5/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk